IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KATHRYN WISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3093 |
| | ) | |
| JUDITH ABBOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Judith Abbott's Rule 12(b)(6) Motion to Dismiss Count II of Plaintiff's First Amended Complaint (d/e 14) (Complaint). For the reasons set forth below, the Motion is ALLOWED.

## STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the First Amended Complaint (d/e 12) (Complaint) and draw all inferences in the light most favorable to Plaintiff Kathryn Wiswell. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d

1

177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claim showing that Wiswell is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

The Complaint alleges that Wiswell worked as a counselor for an entity called Chaddock. Chaddock provided counseling services for teenage girls who had been subjected to sexual and other forms of abuse. Defendant Judith Abbott was an Assistant States Attorney for Adams County, Illinois. As an Assistant States Attorney, Abbott called employees of Chaddock to testify in criminal cases brought against individuals charged with abusing some of the girls who were Chaddock's clients. As a Chaddock counselor, Wiswell testified in proceedings brought by Abbott as an Assistant States Attorney. Her duties at Chaddock included testifying in these proceedings. Testifying in court was a critical aspect of Wiswell's job duties as a counselor at Chaddock.

Wiswell also had an on-going sexually intimate relationship with her boyfriend. Abbott did not like Wiswell's boyfriend. Abbott told Chaddock officials that if Wiswell did not terminate her relationship with her

boyfriend, Wiswell would no longer be able to testify in Court. Abbott and the Chaddock officials told Wiswell that, as a condition of her continued employment with Chaddock, she had to terminate her relationship with her boyfriend. When Wiswell refused to terminate the relationship, Abbott pushed Chaddock to fire Wiswell. Chaddock ultimately fired Wiswell.

Wiswell claims that Abbott's actions violated Wiswell's right to intimate association without due process in violation of the Fourteenth Amendment of the United States Constitution. Complaint, Count II. Abbott moves to dismiss this claim.

## ANALYSIS

Wiswell alleges that Abbott abused her executive authority as an Assistant States Attorney to interfere with Wiswell's right to intimate association. The right to intimate association is a liberty interest protected by the Fourteenth Amendment due process clause. This right extends to on-going, unmarried relationships. Christensen v. County of Boone, Illinois, 483 F.3d 454, 463 (7th Cir. 2007). A state official denies a person her liberty interest in intimate association when the official substantially interferes with that right. A state official substantially interferes when she commits conduct that is so egregious that it shocks the conscience. Id., at

3

464-65. The "shocks the conscience" standard must be read narrowly to limit substantive due process claims to only a small proportion of misbehavior that would be actionable under common law tort law. See Christensen, 483 F.3d at 465.

The "shocks the conscience" standard applies to only the most egregious abuses of power. The Supreme Court announced the "shocks the conscience" standard in Rochin v. People of California, 342 U.S. 165 (1952). In Rochin, police officers broke into a suspect's home without a warrant, exigent circumstances, or even probable cause; they assaulted the suspect in his own home; they subjected the suspect to false arrest; and they forced the suspect to have his stomach pumped against the suspect's will to obtain evidence swallowed by the suspect. Id., at 172. The Supreme Court found that "this course of proceeding by agents of government to obtain evidence is bound to offend even hardened sensibilities. They are methods too close to the rack and the screw to permit of constitutional differentiation." Id.

The "shocks the conscience" standard is reserved for this level of egregious conduct. In County of Sacramento v. Lewis, the Supreme Court held that an officer's conduct did not shock the conscience even though he

engaged in a high-speed chase with reckless indifference to the life of the suspect, and the chase ended in a crash that killed the suspect. Lewis, 523 U.S. 833, 854 (1998). In Christensen, the plaintiffs alleged that the defendant, Deputy Sheriff Krieger, intentionally stalked and harassed the plaintiffs specifically to interfere with their intimate relationship. The Seventh Circuit stated that "Deputy Krieger was acting outside the scope of his duties, disreputably and shamefully," but his behavior did not meet the "shocks the conscience" standard. Christensen, 483 F.3d at 465. The Seventh Circuit ruled that the plaintiffs in Christensen failed to state a claim. Id.

Based on these precedents, Abbott's alleged conduct did not shock the conscience. Her alleged abuse of her power, like Deputy Kreiger's, may have been disreputable and shameful, but was not so egregious as to shock the conscience. Her actions were more akin to the common law tort of tortious interference with Wiswell's employment. Wiswell, thus, might have a common law remedy against Abbott, but not a constitutional claim. The claim against Abbott is dismissed.

Wiswell argues that the Court should analyze whether Abbott imposed a substantial burden on her intimate relationship, and if so, her actions

should be subject to strict scrutiny.  This is incorrect.  The substantial burden analysis applies to legislative actions or actions involving regulatory policies.  In cases in which the plaintiff alleges that an individual abused her executive authority to deny a person's liberty without due process, the "shocks the conscience" standard is the appropriate analysis.  Lewis, 523 U.S. at 846-47.  Under this analysis, Wiswell fails to state a claim against Abbott.

    THEREFORE, Defendant Abbott's Rule 12(b)(6) Motion to Dismiss Count II of Plaintiff's First Amended Complaint (d/e 14) is ALLOWED.  The claims against Defendant Judith Abbott in Count II of the First Amended Complaint are dismissed.  Wiswell alleges no other claims against Abbott.  Thus, Defendant Abbott is dismissed from this action.

IT IS THEREFORE SO ORDERED.

ENTER:  December 1, 2008

    FOR THE COURT:

                                             s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE