E-FILED
Thursday, 11 June, 2009  03:46:33 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KATHRYN WISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3093 |
| | ) | |
| KATHY NELSON and CHADDOCK, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Kathryn Wiswell's Objections to Report and Recommendation (d/e 29) and Defendants Kathy Nelson and Chaddock's Rule 12(b) Motion to Dismiss (d/e 30).  Pursuant to her request, the Court granted Wiswell an extension of time to June 4, 2009, to respond to the Motion to Dismiss.  <u>Text Order entered May 29, 2009</u>.  To date, she has filed no response.  The Court therefore presumes that Wiswell does not object to the Motion.  <u>Local Rule 7.1(B)(2)</u>.  Because Wiswell does not oppose the Motion to Dismiss, and for the reasons set forth below, the Objection is overruled and the Motion to Dismiss is allowed.

Wiswell filed this action on April 9, 2008.   Complaint (d/e 1). Wiswell alleged: (1) a claim against her former employer Chaddock for violation of the Americans with Disabilities Act (ADA) (Count I), and (2) a § 1983 claim against Nelson and other individual Defendants (Count II). 42 U.S.C. §§ 1983 & 12101 et seq.  Wiswell filed an Amended Complaint on October 10, 2008.   First Amended Complaint (d/e 12) (Amended Complaint).  On December 1, 2008, the Court dismissed the Count II § 1983 claim against another individual Defendant.   Opinion entered December 1, 2008 (d/e 17).  The Court did not address the Count II claim against Nelson because Wiswell had not yet served Nelson with the Complaint or the Amended Complaint.

On March 11, 2009, United States Magistrate Judge Byron G. Cudmore directed Wiswell to file a status report regarding service on Nelson, Chaddock and two other individual Defendants.   Text Order entered March 11, 2009.  Wiswell filed a status report on March 23, 2009, in which Wiswell stated that she would serve the other Defendants by March 25, 2009.  Plaintiff's Written Status Report (d/e 18), at 2.  Judge Cudmore gave Wiswell until April 15, 2009, to serve the other Defendants. Text Order entered March 24, 2009.  On April 27, 2009, Judge Cudmore

2

entered the Report and Recommendation to dismiss this action for failure to prosecute because Wiswell had not yet filed proof of service of any of the remaining Defendants, including Nelson and Wiswell.   <u>Report and Recommendation entered April 27, 2009 (d/e 23)</u>.   On May 7, 2009, Wiswell filed proof of service showing service on Chaddock and Nelson on April 21, 2009.  <u>Return of Summons (d/e 24 & 26)</u>.  On May 11, 2009, Wiswell filed her objections to the Report and Recommendation and Nelson and Chaddock filed their Motion to Dismiss.

<u>ANALYSIS</u>

The Court reviews the Report and Recommendation <u>de novo</u>.  Nelson and Chaddock move to dismiss for lack of jurisdiction, failure to serve properly and failure to state a claim.  <u>Fed. R. Civ. P.</u> 12(b)(1), (b)(5), and (b)(6).  Wiswell concedes that she fails to state a claim against Nelson. <u>Plaintiff's Objection to Report and Recommendation (d/e 29)</u>, at 1-2 ¶ 4. The claim against Nelson is therefore dismissed.

The issue is whether to dismiss the ADA claim against Wiswell's former employer Chaddock.  Upon review of the record, the Court agrees that the matter should be dismissed.  Wiswell did not serve Chaddock within the required 120 days. <u>Fed. R. Civ. P.</u> 4(m).  Judge Cudmore gave

3

Wiswell additional time until April 15, 2009, and she still did not serve Chaddock by that deadline.  The Court sees no justification for the failure to serve Chaddock by April 15, 2009.

In addition, the Amended Complaint fails to state an ADA claim against Chaddock.  At the motion to dismiss phase, the Court must accept as true all well-pleaded factual allegations contained in the Amended Complaint and draw all inferences in the light most favorable to Wiswell. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  When read in that light, the Amended Complaint must set forth a short and plain statement of the claim showing that Wiswell is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007).  In doing so, the allegations must plausibly suggest that Wiswell is entitled to relief.  Twombly, 127 S.Ct. at 1973 n.14.  Allegations of bare legal conclusions or labels alone are not sufficient.  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

To state a claim for a violation of the ADA, Wiswell must allege that she is disabled (or perceived to be disabled), that she is qualified to perform

the essential functions of her job with or without an accommodation, and Chaddock discriminated against her because of her disability.  Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109, 1114-15 (7th Cir. 2001).  Wiswell, however, only alleged labels and bare legal conclusion regarding her disability.  She alleged that Chaddock perceives her to be disabled.  Amended Complaint, ¶ 14.  She alleges no matters to give notice of the basis of Chaddock's perception of her as disabled.  She therefore pleaded only bare legal conclusions, and so, failed to state a claim.  Iqbal, 129 S.Ct. at 1949.

THEREFORE, Plaintiff Kathryn Wiswell's Objection to Report and Recommendation (d/e 29) is OVERRULED and Defendants Kathy Nelson and Chaddock's Rule 12(b) Motion to Dismiss (d/e 30) is ALLOWED.  The Court adopts the Report and Recommendation entered April 27, 2009 (d/e 23) and dismisses this case with prejudice.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  June 11, 2009

FOR THE COURT:

                                   s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE